UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  1/21/2022
```

GENETEC, Inc.,

                              Plaintiff,

              v.

PROS, Inc.,

                              Defendant.

Case No. 1:20-cv-07959 (AJN)

**CONSENT PROTECTIVE ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

This matter having come before the Court with the consent of plaintiff Genetec, Inc. ("Plaintiff" or "Genetec") and defendant PROS, Inc. ("Defendant" or "PROS," and together with Plaintiff, the "parties" with each being a "party"), by and through their respective undersigned counsel, for the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c), limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED, on this _____ day of _____, 2022 as follows:

1.      This Order is being entered into to facilitate the production, exchange and discovery of documents ("Documents") and testimony ("Testimony") that the parties agree merit confidential treatment.

2.      Any party and any non-party that produces documents in response to a subpoena served in connection with this action and consents to the terms of this Order may designate Documents produced, or Testimony given, in connection with this action as "confidential," either

by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3.      As used herein:

(a)      "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

(b)      "Producing Party" shall mean the parties and/or any non-party producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

(c)      "Receiving Party" shall mean the parties and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

4.      The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information.  If the Producing Party does not agree to declassify such document or material, the Receiving Party may move before the Court for an order declassifying those documents or materials.  If no such motion is filed, such documents or materials shall continue to be treated as

Confidential Information.  If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

     5.    Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

    (a)    Plaintiff or Defendant or, where applicable, their representatives actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

    (b)    counsel of record for the parties and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

    (c)    expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

    (d)    the Court and court personnel, if filed in accordance with paragraph 12 hereof;

3

(e)     an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 10 hereof;

(f)     trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and

(g)     any other person agreed to by the parties.

6.     Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

7.     Before any disclosure of Confidential Information is made to an expert witness or a consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving Party shall provide that person's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.  Counsel for the party obtaining the certificate shall supply a copy to counsel for any other party contemporaneously with any required expert report or other expert disclosure in accordance with this Court's orders.

8.     No provision is made herein for the designation of any Documents as "Attorneys' Eyes Only."  The omission of such provision in this order shall not prejudice the right of any party to seek a modification of this order to provide for "Attorneys' Eyes Only" treatment of designated Documents.   If the Producing Party believes responsive Documents should be designated "Attorneys' Eyes Only," it shall notify all other parties.  If the Receiving Party consents to a modification of this order to provide for "Attorneys' Eyes Only" treatment of designated Documents, the Producing Party may submit a proposed consent order modifying this Consent Protective Order for the Production and Exchange of Confidential Information to provide for such

4

treatment.  If the Receiving Party does not consent to a modification of this order to provide for "Attorneys' Eyes Only" treatment of designated Documents, the Producing Party may move before the Court for an order modifying this Consent Protective Order for the Production and Exchange of Confidential Information to provide for such treatment.  The Producing Party shall be entitled to withhold production of Documents it contends should be subject to "Attorneys' Eyes Only" treatment until (a) the Receiving Party consents to a modification of this order or (b) this Court has ruled on a request to modify this order.  Upon entry of an order ruling upon such a request, the Producing Party and Receiving Party shall comply with such order.

9.     All depositions shall presumptively be treated as Confidential Information and subject to this Order during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties.  At or before the end of such fifteen day period, the deposition shall be classified appropriately.

10.     This Order shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as "Confidential Information" under the terms hereof.  Any court reporter and deposition witness who is given access to Documents marked "Confidential Information" shall, prior thereto, be provided with a copy of this Order and shall execute the certificate annexed hereto.  Counsel for the party obtaining the certificate shall supply a copy to counsel for the other parties.

11.     A party may designate as Confidential Information subject to this Order any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof.  In the case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the party

asserting the confidentiality privilege.  In the case of deposition testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the party asserting the confidentiality privilege.  Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

      12.    (a)    A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, quotes or discloses Confidential Information, shall provide all other parties with ten (10) days' written notice of its intent to file such material with the Court, so that the Producing Party may file by Order to Show Cause a motion to seal such Confidential Information.  The Confidential Information shall not be filed until the Court renders a decision on the motion to seal (unless the filing party elects to follow the procedure set forth in subsection (b) of this section).  In the event the motion to seal is granted, all deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated by a party as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, quotes or discloses such material, shall be filed in accordance with this Court's instructions.[1]

---

[1] https://www.nysd.uscourts.gov/sites/default/files/pdf/ecf_training/SDNY%20Sealed%20Filing%20in%20ECF.pdf

#153854501_v3 519118.00027

(b)     As an alternative to the procedure set forth in paragraph 12(a), any party may file with the Court any documents previously designated as comprising or containing Confidential Information by submitting such documents in in accordance with this Court's instructions.[2] Such documents shall be returned by the Court upon disposition of the motion or other proceeding for which they were submitted.

(c)     All pleadings, briefs or memoranda which reproduce, quote or disclose any documents which have previously been designated by a party as comprising or containing Confidential Information, shall identify such documents by the production number ascribed to them at the time of production.

Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

13.     Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 11 of this Order, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

14.     Extracts of Confidential Information shall also be treated as confidential in accordance with the provisions of this Order.

15.     The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

---

[2] *See id.*

16.     This Order is entered into without prejudice to the right of either party to seek relief from, or modification of, this Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

17.     This Order shall continue to be binding after the conclusion of this litigation except: (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any portion of the Order.  The provisions of this Order shall, absent prior written consent of all parties, continue to be binding after the conclusion of this action.

18.     Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

19.     A Producing Party's inadvertent disclosure in connection with this action of documents that such Producing Party believes constitute, contain or reflect information otherwise protected by the attorney-client privilege, the work product doctrine or any other privilege or immunity from discovery ("Privileged Documents"), shall not constitute a waiver with respect to such Privileged Documents or generally of such privilege or immunity in this case or any other action.  If a Receiving Party receives materials that obviously appear to be subject to an attorney-client privilege or otherwise protected by a discovery privilege or immunity and it is reasonably apparent that the materials were provided or made available through inadvertence, the Receiving Party must refrain from examining the materials any more than is essential to ascertain if the materials are privileged, and shall immediately notify the Producing Party in writing that he or she

8

possesses material that appears to be privileged.  In the event of alleged inadvertent disclosure of alleged Privileged Documents, the Producing Party may provide notice to the other parties advising of the disclosure and requesting return of the alleged Privileged Documents. Upon such notice, the Receiving Party shall make no further use of the alleged Privileged Documents, and within five (5) days of receiving such notice of inadvertent production of Privileged Documents, the Receiving Party shall return all documents identified by the Producing Party in such notice and shall expunge from any other document information or material derived from the inadvertently produced Privileged Documents.  In the event that there is a dispute over whether the documents at issue are protected from disclosure by virtue of a privilege or immunity from discovery, all counsel shall undertake reasonable efforts to resolve the issue without court intervention within ten (10) days of such notice of inadvertent production of Privileged Documents.  To the extent counsel cannot resolve the issue within ten (10) days, the Receiving Party may bring a motion to compel production of the alleged Privileged Documents, but may not assert as a ground for compelling production the fact or circumstance that the alleged Privileged Documents have already been produced.  The Receiving Party shall bring such motion to compel within twenty (20) days after the expiration of the aforementioned ten-day period of meet-and-confer.  In the event of a motion to compel production of the alleged Privileged Documents, it shall be the responsibility of the Producing Party to provide, in its opposition to the motion to compel, information regarding the content and context of the alleged Privileged Documents sufficient to establish the applicability of any asserted privilege or immunity from discovery, and if the Court so requests the Producing Party shall provide the alleged Privileged Documents to the Court for in camera review.

20.     In the event that any Receiving Party is served with: (a) a subpoena in another action, (b) requests for production of documents, interrogatories, or any type of formal or informal

#153854501_v3 519118.00027

demand in another action to which it is a party, or (c) any other legal process or paper by a non-party seeking or requesting disclosure of proprietary or confidential information, the Receiving Party shall object to its production and shall give prompt written notice of such event to counsel of record for the Producing Party.  Thereafter, the Producing Party shall assume responsibility for preserving and prosecuting any objection to the subpoena, demand, or other legal process.  The Receiving Party shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the proprietary or confidential information.  Should the non-party seeking disclosure of confidential or proprietary information take action to enforce such a subpoena, demand, or other legal process, the Receiving Party shall set forth in its response the existence of this order.  Nothing herein shall be construed as requiring the Receiving Party to challenge or appeal any order requiring production of proprietary or confidential information, subject itself to any penalties for noncompliance with any legal process or order, or seek any relief from the court.

21.     Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party.  In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits.  This Order shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility.

#153854501_v3 519118.00027

Nothing in this Order shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

22.     This Order may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

SO ORDERED.

Dated:  January      21, 2022
        New York, New York

_____
HON. ALISON J. NATHAN
United States District Judge

11

CONSENTED TO:


By:   /s/ Paul R. Niehaus_____                 By:   /s/ John M. Doherty, Esq_____
      Paul R. Niehaus, Esq.                                     William M. Katz, Jr., Esq.
      Kirsch & Niehaus, PLLC                                    John M. Doherty, Esq.
      150 E. 58th Street, 22nd Floor                            Holland & Knight LLP
      New York, New York 10155                                  900 Third Avenue, 20th Floor
      *Counsel for Plaintiff Genetec, Inc.*                     New York, New York 10022
                                                                *Attorneys for Defendant PROS, Inc.*


                                                          Dated: January 20, 2022

By:   /s/ Jeffrey J. Upton_____
      Jeffrey J. Upton, Esq.
      The Upton Law Group
      P.O. Box 507
      Milton, MA 02186
      (617) 308-4676
      jeff@uptonslaw.com
      *Pro Hac Vice Application Forthcoming*


Dated: January 20, 2022

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| GENETEC, Inc., | Case No. 1:20-cv-07959 (AJN) |
| Plaintiff, | |
| v. | **CONSENT PROTECTIVE ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |
| PROS, Inc., | |
| Defendant. | |

**AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION**

I, _____, state that:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____

_____.

4.    I have received a copy of the Consent Protective Order for the Production and Exchange of Confidential Information (the "Order") entered in the above-entitled action on

_____.

5.    I have carefully read and understand the provisions of the Order.

6.    I will comply with all of the provisions of the Order.

7.    I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

13

8.    I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9.    I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Order in this action.

Dated:_____          _____

14