UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GENETEC, INC., | |
|                       Plaintiff, | 1:20-cv-07959 (JLR) |
|     -against- | **ORDER** |
| PROS, INC., | |
|                       Defendant. | |

JENNIFER L. ROCHON, United States District Judge:

On December 16, 2022, Plaintiff filed a letter-motion for an extension of time to complete fact discovery. *See* ECF No. 59. Defendant filed opposition on December 21, 2022. *See* ECF No. 61. For the following reasons, Plaintiff's letter-motion is GRANTED in part and DENIED in part.

In its letter-motion, Plaintiff requests that (i) fact discovery, which closed on December 2, 2022, be reopened and extended to the end of all discovery, which is February 3, 2023; and (ii) Defendant be ordered to produce Sunil John as a witness pursuant to Federal Rule of Civil Procedure ("Rule") 30(b)(6) and Matthew McClung as an individual witness. *See id*. at 3; ECF No. 61 at 2. Plaintiff has not taken any depositions. *See* ECF No. 59 at 2. Plaintiff received its last document production (containing seven documents) from Defendant on December 2, 2022. *See id*.; ECF No. 61 at 3. Plaintiff states that it properly and timely noticed the John and McClung depositions before the close of fact discovery and proposed that they occur on November 17, 2022. *See* ECF No. 59. Defendant promptly informed Plaintiff that those witnesses were not available on that date. *See id*. at 2. It appears that Plaintiff then drafted and believed he sent to Defendant an email asking to reschedule the depositions, but Plaintiff now concedes that, due to a "technical issue" on his end, such emails were not sent – a technical

failure Plaintiff realized after the close of fact discovery. *Id*. at 1-2; ECF No. 61 at 2. Plaintiff now seeks to depose the two witnesses in-person. *See* ECF No. 59.

Defendant argues that Plaintiff has not shown extraordinary circumstances that warrant reopening fact discovery. *See* ECF No. 61 at 1. Rather, Defendant contends that Plaintiff's failure to schedule and follow-up on the requested depositions is a continuation of Plaintiff's dilatory approach to discovery. *See id*. at 1-2. Defendant further claims that Plaintiff's deposition notices were deficient, including because they unreasonably sought, on short notice, in-person depositions of individuals residing out-of-state after the parties agreed to remote depositions, and because Plaintiff seeks to depose McClung, Defendant's employee, without subpoena. *See id*. at 3. Defendant does not dispute that it was informed before fact discovery closed that Plaintiff intended to depose John and McClung, and Defendant states that John has already prepared for the Rule 30(b)(6) deposition. *See id.*

"The decision to re-open discovery is within a district court's discretion." *Krawec v. Kiewit Constructors Inc.*, No. 11-cv-0123 (LAP), 2013 WL 1104414, at *8 (S.D.N.Y. Mar. 1, 2013). Discovery may be reopened upon a showing of "good cause." *Gray v. Darien*, 927 F.2d 69, 74 (2d Cir. 1991); *Exp.-Import Bank of the United States v. Asia Pulp & Paper Co.*, 233 F.R.D. 338, 343 (S.D.N.Y. 2005). This Court's Individual Rules require there be "extraordinary circumstances" for extension requests made after the expiration of the original deadline. Rochon Individual Rule 1.F.

Here, the Court finds good cause and sufficient circumstances to reopen discovery for the limited purpose of conducting the two depositions sought. Plaintiff noticed the Rule 30(b)(6) deposition and deposition of McClung, and tentatively scheduled those depositions, before fact discovery closed. *See* ECF No. 59 at 2. Although Plaintiff could have been more diligent in confirming the schedule for the depositions, fact discovery closed less than three weeks ago.

Expert discovery does not close until February 2023, so permitting two fact depositions will not prolong the discovery period. The burden on Defendant from allowing this limited discovery is minimal, since the depositions were previously scheduled and Defendant's Rule 30(b)(6) witness has already prepared for his deposition. *See* ECF No. 61 at 3. Plaintiff has also not taken any other depositions. While Defendant argues that McClung, as one of Defendant's employees, can only be compelled to attend a deposition by subpoena and not by deposition notice, the parties' correspondence shows that Defendant previously indicated that it would make McClung available for deposition without a subpoena. *See* ECF No. 61-2.

Accordingly, the Court will re-open fact discovery for a short period of time – until **January 20, 2023** – for the limited purpose of allowing Plaintiff time to depose Defendant's Rule 30(b)(6) representative(s) and McClung. *See, e.g., Exp.-Import Bank of the United States*, 233 F.R.D. at 343 (finding "good cause to reopen discovery for the limited purpose of deposing" two witnesses whom the defendant requested to depose before the close of fact discovery); *Scott v. City of New York Dep't of Correction*, No. 04-cv-09638 (SHS) (GWG), 2007 WL 4178405, at *8 (S.D.N.Y. Nov. 26, 2007) (reopening discovery to permit the plaintiff to depose witnesses, since "it seems a small burden to allow these depositions to take place given that they had previously been scheduled and expected by defendants"). The depositions shall be conducted in Texas or remotely, based on Defendant's preference, to lessen Defendant's burden and allow the depositions to proceed expeditiously. The Clerk of Court is respectfully directed to terminate ECF No. 59.

Dated: December 22, 2022
      New York, New York

SO ORDERED.

_Jennifer Rochon_
JENNIFER L. ROCHON
United States District Judge